UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Theodore Loria, et al.,

        Plaintiffs,

v.

PJS Hyundai West, et al.,

        Defendants.

DECISION and ORDER

21-CV-6687-CJS-MJP

APPEARANCES

For Plaintiffs:  **Svetlana Sobel, Esq.**
Sobel Law Offices
175 Eileen Way
Syosset, NY 11791-5317

For Defendants:  **Michael Leess, Esq.**
Pheterson Spatorico, LLP
45 Exchange Blvd., Third Floor
Rochester, NY 14614

# INTRODUCTION

Attorneys and parties flout scheduling orders at their peril. To enforce such orders, the Court has broad discretion to punish attorneys and parties by imposing monetary sanctions. *See* Fed. R. Civ. P. 16(f). After hearing from both counsel in a telephone conference on October 17, 2023, and providing them the opportunity for additional submissions, the Court will impose sanctions under its own authority. *See* Fed. R. Civ. P. 16(f)(1) (noting that the Court may impose sanctions under Rule 16 "on its own").

1

The scheduling order set a deadline for mandatory disclosures under Fed. R. Civ. P. 26. Both attorneys agreed to it. Both attorneys ignored it. The Court therefore **ORDERS** counsel for both parties to pay $300 each as a sanction. This sanction may not be passed on to counsel's respective clients.

## PROCEDURAL HISTORY

Theodore Loria and his business sued PJS Hyundai West and others for failing to pay them properly pursuant to the Fair Labor Standards Act and the New York Labor Law. (*See* Compl. ¶ 30, Nov. 10, 2021, ECF No. 1.) Loria also brought claims of breach of contract and wage theft. (*See generally id.*) Roughly two months after the Honorable Charles J. Siragusa referred this case to the undersigned, (ECF No. 7, Jan. 14, 2022), Loria's current counsel made her appearance. (ECF No. 11, Mar. 23, 2022.) The Court then held a conference pursuant to Fed. R. Civ. P. 16 on April 13, 2022, and issued a scheduling order on April 27, 2022. (ECF No. 16.)

### *The first scheduling order lapses.*

The Court heard nothing—until after the scheduling order lapsed. When it lapsed, the Court entered a text order referring the case for trial. (ECF No. 17, Mar. 15, 2023.) Only then did Loria's counsel contact the Court to extend discovery deadlines.

After hearing from Loria's counsel, and over PJS Hyundai's objection, the Court entered an amended scheduling order on March 23, 2023. (ECF No. 19.) That order contained a provision that the Court expects counsel not to treat as fluff:

2

"Requests to extend the above cut-off dates may be granted upon written application, made prior to the cut-off date, and showing good cause for the extension." (*Id.* ¶ 7.)

That is the controlling scheduling order here. The Court will not revisit the merits of its decision to extend discovery in March 2023 other than to note that it expressed concern then—as it does today—about Loria's counsel's ability to prosecute this case given her personal circumstances.[1]

***PJS Hyundai contacts the Court about Loria's discovery requests.***

On October 10, 2023, PJS Hyundai's counsel wrote to the Court by email requesting a conference. PJS Hyundai indicated that it received, also by email, what the Court understands were the *first set* of discovery demands in this case from either party. This was roughly seven months after entry of the amended scheduling order.

PJS Hyundai objected to these demands as untimely, maintaining that they had not received them before the September 29, 2023 fact discovery deadline. (Am. Scheduling Order ¶ 4, ECF No. 16.) Loria countered that they had been served by mail on September 15, 2023 along with Loria's mandatory disclosures. Loria's counsel stated she sent them by email as a follow-up on October 10, 2023, intending to make sure PJS Hyundai received them. Loria also wanted to ensure that PJS Hyundai was on notice that Loria would request an extension of discovery.

---

[1] Many, if not all, attorneys encounter difficult circumstances. I take Loria's counsel at her word about hers. I only note that attorneys still have duties to their clients. They must represent them competently—or withdraw.

3

### *The parties admit they did not follow the controlling scheduling order at the October 17 conference.*

During the conference on October 17, the Court determined that both parties neglected the deadline of April 14, 2023 for mandatory disclosures. Loria only served Rule 26 disclosures on September 15, assuming they were properly mailed. The Court also asked PJS Hyundai's counsel if he had made mandatory disclosures. He admitted he had not. Yet PJS Hyundai's counsel was quick to jump on Loria's failure to make mandatory disclosures in his initial email to the Court. The parties also failed to select a mediator and proceed to mediation by the applicable deadline. (Am. Scheduling Order ¶ 1, ECF No. 16.)

Likely knowing that Loria's claims would be time-barred, PJS Hyundai asked during the October 17 conference that the undersigned recommend dismissal of Loria's claims without prejudice. The Court does not countenance such gamesmanship.[2]

---

[2] Dismissal is a severe sanction, one that is unwarranted here. *See Carter v. Jablonsky*, 121 F. App'x 888, 899 (2d Cir. 2005) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1998)) (concluding that, as with Rule 37 sanctions, dismissal as a Rule 16 sanction "is a drastic remedy that should be imposed only in extreme circumstances [ ] after consideration of alternative, less drastic sanctions") (alteration added); *Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 195 (S.D.N.Y. 1995) (noting that dismissal and preclusion would be "too severe" as sanctions for missed discovery deadlines and responses); *see also MHD-Rockland Inc. v. Aerospace Distributors Inc.*, 102 F. Supp. 3d 734, 738 (D. Md. 2015) (noting that sanction of dismissal "may constitute an abuse of discretion if (1) the court has not first warned the offending party about the possibility of such a sanction; (2) the rule violation did not prejudice the opposing party; and (3) the court

***The Court ensures that the parties have notice and the opportunity to be heard.***

The Court took two actions promptly after the October 17 conference. First, the Court entered a text order ensuring that both parties had an opportunity to be heard on the question of sanctions. (Minute Entry and Order, Oct. 17, 2023, ECF No. 20.) The Court was forced to end the October 17 conference for an emergency criminal appearance. This meant the parties may not have had an adequate opportunity to be heard. And the Court wanted to be clear that it was considering the possibility of imposing sanctions against *both* parties. (*See id.*). After all, both failed to serve Rule 26 disclosures—discovery's most basic requirement—by the applicable deadline. The Court provided both parties until October 20, 2023 for letter submissions on the topic. (*Id.*) Yet they declined the Court's invitation.[3]

Second, the Court entered a scheduling order admonishing the parties and setting new deadlines (Oct. 20, 2023, ECF No. 21.) This order followed.

---

has not first considered imposing sanctions less severe than dismissal.") (quotations omitted and cleaned up).

[3] The parties did so despite the Court's citation to Fed. R. Civ. P. 16(f) in the text order, which provides that the Court may impose sanctions with or without a party's motion. The Court's text order, (ECF No. 20, Oct. 17, 2023), provided as follows:

> During today's conference, both parties admitted that they failed to provide mandatory disclosures under Fed. R. Civ. P. 26 by the applicable deadline. The Court hereby notices the parties that it is considering sanctions not only against Plaintiffs' counsel, but against Defendants' counsel as well. *See* Fed. R. Civ. P. 16(f).

## DISCUSSION

***The applicable legal standard grants the Court significant discretion.***

Fed. R. Civ. P. 16(f) grants the Court authority to sanction "a party or its attorney" where either "fails to obey a scheduling or other pretrial order." The meaning of this language is plain: "The fact that a pretrial order was violated is sufficient to allow some sanction." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 53 (2d Cir. 2018) (quoting 6A Wright & Miller, *Federal Practice and Procedure* § 1531 (3d ed. 2010)). The Court need not find that either party acted in bad faith. *See id.*

"District courts acting pursuant to their authority under Rule 16(f) are free to 'design the sanction to fit the violation.'" *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 290 (2d Cir. 2021) (quoting 6A Wright & Miller, *supra*, § 1531). The Court thus has "considerable discretion in the selection and imposition of sanctions." *Id.* (quoting *Media Duplication Servs., Ltd. v. HDG Software*, 928 F.2d 1228, 1242 (1st Cir. 1991)).

The sanction imposed here serves "to 'deter neglect' of pretrial obligations." *Id.* at 290–91 (quoting *HDG Software*, 928 F.2d at 1242). It likewise serves "to ensure that a party will not benefit from its own failure to comply" and "to obtain compliance" with the scheduling order. *Martinez v. New York City Health & Hosps. Corp.*, No. 15 Civ. 515 (ALC) (GWG), 2017 WL 6729296, at *3 (S.D.N.Y. 2017) (quoting *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 56 (S.D.N.Y. 1997)).

*The Court provided both parties with notice and the opportunity to be heard.*

The Court has met the requirement of providing both parties with notice and an opportunity to be heard. *See Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997) ("[D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions.") (emphasis in original). First, if not during the October 17 conference itself, the Court certainly provided notice of possible sanctions to both parties in its text order of the same day. (ECF No. 20.) Second, the Court indicated that the conduct for which it was considering sanctions was the parties' failure to comply with the deadline for mandatory disclosures. (*See id.*) Third, the Court cited Fed. R. Civ. P. 16(f) as its authority for sanctions. (*Id.*) Finally, the Court gave both parties ample opportunity for submissions on this issue. That they declined the Court's invitation for letter submissions does not change the analysis. *See Martin v. Giordano*, 185 F. Supp. 3d 339, 367 (E.D.N.Y. 2016) (noting that form of counsel's response to notice of sanctions did "not render his opportunity to be heard insufficient"). The Court now turns to the sanctions to be imposed.

*The Court will impose discretionary sanctions on both counsel under Fed. R. Civ. P. 16(f)(1) because both counsel ignored the deadline for mandatory disclosures.*

During the October 17 conference, both counsel admitted they failed to follow the Court's deadline for mandatory disclosures. No more need be said. *Huebner*, 897 F.3d at 53 ("The fact that a pretrial order was violated is sufficient to allow some sanction."); *see also Rice v. Barnes*, 201 F.R.D. 549, 551 (M.D. Ala. 2001) (finding sanction of $175.00 appropriate for counsel's "disregard of the June 1, 2001

scheduling order"); *Mulkey v. Meridian Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992) (holding that "sanctions are appropriate" under Rule 16(f) because counsel's failure to follow the Court's scheduling order "unnecessarily required the Court's time") (quotation omitted). As stated above, the Court imposes a sanction of $300 on each counsel.

*Loria's counsel.* Although the Court recognizes her difficult circumstances, it is deeply concerned that Loria's counsel "made no attempt to communicate with" PJS Hyundai "or this Court" about her personal difficulties before the fact discovery deadline came and went. *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 369 (E.D.N.Y. 2013). The time and cost of communicating was low. The benefit of doing so would have been great, saving the parties—and the Court—time and effort. As more thoroughly discussed below, while the Court finds that it should not impose attorneys' fees on Loria's counsel under Fed. R. Civ. P. 16(f)(2), a sanction is appropriate given (1) counsel's failure to serve timely mandatory disclosures and (2) counsel's failure to communicate.

Turning to Fed. R. Civ. P. 16(f)(2), the Court notes that it must impose a sanction, including reasonable attorneys' fees, "incurred as a result of noncompliance" with its scheduling order. *Liebowitz*, 6 F.4th at 291 (discussing Fed. R. Civ. P. 16(f)(2)); *see generally* Fed. R. Civ. P. 16(f)(2) ("Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney[s'] fees—incurred because of any noncompliance with

8

this rule[.]") (alterations added). The Court has the option of declining to order attorneys' fees if doing so would be "unjust." *Id*.

The Court concludes it would be unjust to force Loria's counsel to pay mandatory sanctions under Fed. R. Civ. P. 16(f)(2). She has faced difficult personal circumstances since the Court entered the controlling scheduling order.[4] And it would be unjust when PJS Hyundai's counsel also failed to make mandatory disclosures. Thus, the Court declines to assess mandatory attorneys' fees against Loria's counsel. *See Dorchester Fin. Holdings Corp. v. Banco BRJ S.A.*, 304 F.R.D. 178, 185 (S.D.N.Y. 2014) (noting that courts should "impose the least harsh sanction that can provide an adequate remedy") (quotation omitted). The Court adds that Loria's counsel has been responsive when the Court or members of its staff have contacted her.

*PJS Hyundai's counsel*. As with Loria's counsel, the Court finds it appropriate to sanction PJS Hyundai's counsel for failure to comply with the scheduling order. *See Dee v. Metro. Transp. Auth.*, No. 08 Civ. 3493 (NRB), 2008 WL 5253090, at *2 (S.D.N.Y. Dec. 12, 2008) (imposing sanction on counsel of $1,500 "for failing to obey the Court's pretrial discovery orders"). But like Loria's counsel, it makes little sense to have PJS Hyundai's counsel pay attorneys' fees under Fed. R. Civ. P. 16(f)(2) when

---

[4] The Court will not recount these in detail, but only notes that they included care of a close family member facing serious illness.

9

Loria's counsel also flouted the deadlines in the order. Thus, the Court will not order PJS Hyundai to pay attorneys' fees, as it would be unjust.

Nonetheless, a sanction is appropriate. Unlike Loria's counsel—who had some excuse—PJS Hyundai's counsel had none. PJS's counsel seems to have assumed that his client had *no* discovery deadlines until Loria moved the case forward. That is not true under Fed R. Civ. P. 26. And that was not true under the Court's scheduling order. *See Holcombe v. United States*, No. 5-19-CV-953-XR, 2019 WL 5725052, at *3–4 (W.D. Tex. Nov. 5, 2019) (failure to fulfill basic requirements of discovery "warranted sanctions under Rule 16(f)"). Here, PJS Hyundai's counsel failed to make mandatory disclosures, offering no excuse for this failure. The Court finds that a sanction of $300 is appropriate.

[Remainder of page intentionally blank.]

## CONCLUSION

Scheduling orders are not "frivolous pieces of paper." *Thomas v. ConAgra Foods*, No. 20-CV-6239-EAW-MJP, 2022 WL 3227644, at *5 (W.D.N.Y. Apr. 21, 2022), *adopted*, 2022 WL 3699408 (W.D.N.Y. Aug. 26, 2022) (quoting *Hassoun v. Searls*, 467 F. Supp. 3d 111, 135 (W.D.N.Y. 2020)) (alteration removed). The Court expects both attorneys will hew more closely to them in the future.

The Court **ORDERS** each counsel to pay $300 into the Judicial Treasury Account of the United States Judiciary no later than November 3, 2023.

The Court **ORDERS** both counsel to contact the Clerk of the Court for directions to ensure timely payment. The Court further **ORDERS** that this sanction **may not** be passed onto counsel's respective clients.

**IT IS SO ORDERED.**

Dated:     October 24, 2023
           Rochester, NY

MARK W. PEDERSEN
United States Magistrate Judge